**FILED**
**CLERK**

9/25/2019 4:37 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KENNETH JOSEPH WILLIAMS, #344437,

                        Plaintiff,

          -against-

SUFFOLK COUNTY CORRECTIONAL FACILITY,
LIEUTENANT JOHN DOE, Suffolk County
Correctional Officer; SERGEANT JANE DOE,
Suffolk County Correctional Officer; OFFICER
JOHN DOE #1, Suffolk County Correctional Officer;
OFFICER JOHN DOE #2, Suffolk County Correctional
Officer; OFFICER JOHN DOE #3, Suffolk County
Correctional Officer; OFFICER JOHN DOE #4,
Suffolk County Correctional Officer; OFFICER JOHN
DOE #5, Suffolk County Correctional Officer;

                        Defendants.
-----------------------------------------------------------------X

For Online Publication Only

**<u>ORDER</u>**
19-CV-03790 (JMA)(AKT)

**AZRACK, United States District Judge:**

      On July 1, 2019, incarcerated <u>pro</u> <u>se</u> plaintiff Kenneth Joseph Williams (the "Plaintiff") commenced this action against the Suffolk County Correctional Facility [1] and seven (7) unidentified corrections officers (collectively, the "Defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging a deprivation of his constitutional rights. (ECF No. 1.) Accompanying the complaint is an application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>. (ECF No. 2.)

      Upon review of the declarations accompanying Plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, the Court finds that Plaintiff's financial status qualifies him to commence this action

---

[1] Because the Suffolk County Correctional Facility is merely an administrative arm of the municipality, Suffolk County, it does not have an independent legal identity and cannot be sued. <u>See</u>, <u>e.g.</u>, <u>Davis v. Lynbrook Police Dep't</u>, 224 F. Supp.2d 463, 477 (E.D.N.Y. 2002). Accordingly, Plaintiff's claims against the Suffolk County Correctional Facility are dismissed with prejudice. Construing Plaintiff's complaint liberally, <u>see</u> <u>Burgos v. Hopkins</u>, 14 F.3d 787, 790 (2d Cir. 1994), the Court infers that Plaintiff intended to bring such claims against Suffolk County. Accordingly, the complaint is deemed amended to be brought as against Suffolk County rather than the Suffolk County Correctional Facility and the Clerk of the Court is directed to so amend the caption. This amendment is without prejudice to any defenses Suffolk County may wish to assert.

without prepayment of the filing fee.  See 28 U.S.C. § 1915(a)(1).  Accordingly, Plaintiff's application to proceed in forma pauperis is GRANTED.

IT IS HEREBY ORDERED that Plaintiff is granted leave to file the complaint without prepayment of the filing fee or security; and

IT IS FURTHER ORDERED that the Clerk of Court forward to the United States Marshal Service for the Eastern District of New York ("USMS") a copy of Plaintiff's summonses, complaint and this Order for service upon Defendants without prepayment of fees.

However, the USMS will not be able to serve the unnamed defendants without more information.  Pursuant to Valentin v. Dinkins, 121 F.3d 72, 75-76 (2d Cir. 1997) (per curiam), the Court requests that the Suffolk County Attorney ascertain the full names and service addresses of the unnamed defendants.   Accordingly, the Clerk of the Court shall serve a copy of the complaint together with this order on the Suffolk County Attorney and the Suffolk County Attorney's Office is requested to attempt to ascertain the full names of the unidentified individuals described in the complaint and alleged to have interacted with Plaintiff on October 29, 2017 to October 30, 2017 and to provide their names and address(es) where each such defendant can be served to the Court and to Plaintiff within thirty (30) days of the date that this Order is served upon it.

The Suffolk County Attorney need not undertake to defend or indemnify these individuals at this juncture.   This Order merely provides a means by which Plaintiff may name and properly serve Defendants as instructed by the Second Circuit in Valentin.   Once the information is provided to the Court by the Suffolk County Attorney's Office, Plaintiff's complaint shall be deemed amended to reflect the full names of the unnamed defendants, summonses shall be issued as to those defendants, and the USMS shall serve those defendants.

IT IS FURTHER ORDERED that the Clerk of Court mail a copy of this Order to Plaintiff at his last known address.

**SO ORDERED.**

_____/s/ (JMA)_____
Joan M. Azrack
United States District Judge

Dated:   September 25, 2019
        Central Islip, New York